IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| REHABCARE GROUP EAST, INC. d/b/a REHABCARE | ) ) ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | Case No. _____ |
| PREMIER HEALTHCARE MANAGEMENT, LLC d/b/a KATHLEEN DANIEL NURSING AND REHABILITATION and d/b/a KIMWELL NURSING AND REHABILITATION; KD OPERATING, LLC d/b/a KATHLEEN DANIEL NURSING AND REHABILITATION; and KIMWELL OPERATING, LLC d/b/a KIMWELL NURSING AND REHABILITATION, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) ) | |

**COMPLAINT**

Plaintiff, RehabCare Group East, Inc. d/b/a RehabCare Group Therapy Services, Inc.

("RehabCare" or "Plaintiff") states as follows for its Complaint against Defendants, Premier

Healthcare Management, LLC d/b/a Kathleen Daniel Nursing and Rehabilitation and d/b/a

Kimwell Nursing and Rehabilitation ("Premier"), KD Operating, LLC d/b/a Kathleen Daniel

Nursing and Rehabilitation ("Kathleen"), and Kimwell Operating, LLC d/b/a Kimwell Nursing

and Rehabilitation ("Kimwell") (collectively, Premier, KD, and Kimwell are the "Defendants"

and individually a "Defendant"):

## NATURE OF THE ACTION

1.    This Action arises out of Defendants' failures to pay for therapy services provided by RehabCare to residents of the skilled nursing facilities owned and/or operated by each Defendant respectively as set forth below.

## THE PARTIES

2.    RehabCare is a Delaware corporation with its principal place of business in Louisville, Kentucky. RehabCare provides therapy services to residents of long-term care and skilled nursing facilities.

3.    Premier is a New York limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Premier are individuals who do not reside in and are not domiciled in Kentucky or Delaware. Thus, for purposes of federal diversity jurisdiction, Premier is not a citizen of Delaware or Kentucky. Premier may be served through its registered agent Highfield Gardens, 199 Community Drive, Great Neck, New York, 11021. Premier owns and/or operates, or at one time owned and/or operated, a skilled nursing facility located at 485 Franklin Street, Framingham, Massachusetts, 01702 (the "Kathleen Facility"). Premier also owns and/or operates, or at one time owned and/or operated, a skilled nursing facility located at 495 New Boston Road, Fall River, Massachusetts 02720 (the "Kimwell Facility") (collectively, the Kathleen Facility and the Kimwell Facility are the "Facilities" and individually a "Facility").

4.    Kathleen is a Massachusetts limited liability company. For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members. Based upon a review of publicly available information, the members of Kathleen are 10-26 Nationwide TR,

JLS Equities, LLC, and Jonathan Bleier.  Upon information and belief, Mr. Bleier is an individual who does not reside in and is not domiciled in Kentucky or Delaware.  Upon information and belief, the individual members of 10-26 Nationwide TR and JLS Equities LLC are individuals who do not reside in and are not domiciled in Kentucky or Delaware.  Thus, for purposes of federal diversity jurisdiction, Kathleen is not a citizen of Delaware or Kentucky. Kathleen may be served through its registered agent Vcorp Agent Services, Inc., 44 School St., Ste. 325, Boston, Massachusetts 02108.  Kathleen owns and/or operates, or at one time owned and/or operated, the Kathleen Facility.

5.      Kimwell is a Massachusetts limited liability company.  For purposes of federal jurisdiction, a limited liability company takes the citizenship of its members.  Based upon a review of publicly available information, the members of Kimwell are 10-26 Nationwide TR, JLS Equities, LLC, and Jonathan Bleier.  Upon information and belief, Mr. Bleier is an individual who does not reside in and is not domiciled in Kentucky or Delaware.  Upon information and belief, the individual members of 10-26 Nationwide TR and JLS Equities LLC are individuals who do not reside in and are not domiciled in Kentucky or Delaware.  Thus, for purposes of federal diversity jurisdiction, Kimwell is not a citizen of Delaware or Kentucky. Kimwell may be served through its registered agent Vcorp Agent Services, Inc., 44 School St., Ste. 325, Boston, Massachusetts 02108.  Kimwell owns and/or operates, or at one time owned and/or operated, the Kimwell Facility.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3

7.      This Court has personal jurisdiction over Defendants who are residents of and/or doing business in Massachusetts.

8.      Venue is proper in this Court because Defendants conduct business in this judicial district.

### STATEMENT OF FACTS

9.      On or about July 1, 2016, RehabCare entered into an agreement as modified from time to time to provide therapy services to patients at the Kathleen Facility (the "Kathleen Agreement").[1]

10.     On or about July 1, 2016, RehabCare entered into an agreement as modified from time to time to provide therapy services to patients at the Kimwell Facility (the "Kimwell Agreement") (collectively, the Kathleen Agreement and the Kimwell Agreement are the "Agreements").

11.     The Agreements are separate but materially similar.

12.     The counterparty to the Kathleen Agreement is Premier.  However, based upon review of information available from Medicare, it appears that Kathleen is currently the licensee, operator, and/or owner of the Kathleen Facility.  RehabCare has continued to perform pursuant to the Kathleen Agreement, and thus to the extent that Kathleen is in fact the current licensee, operator, and/or owner, and from the date thereof, Kathleen is also responsible for payment for any services provided to the Kathleen Agreement.

13.     The counterparty to the Kimwell Agreement is Premier.  However, based upon review of information available from Medicare, it appears that Kimwell is currently the licensee, operator, and/or owner of the Kimwell Facility.  RehabCare has continued to perform pursuant to

---

[1] The Agreements, as defined *infra*, contain confidential information, including pricing information, and has not been attached.  Copies can be provided to the Court and Defendants upon request and subject to appropriate confidentiality protections.

4

the Kimwell Agreement, and thus to the extent that Kimwell is in fact the current licensee, operator, and/or owner, and from the date thereof, Kimwell is also responsible for payment for any services provided to the Kimwell Agreement.

14.     RehabCare performed all obligations required of it under the Agreements, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

15.     Pursuant to the Agreements and RehabCare's performance thereunder, Defendants are obligated to pay for the services provided by RehabCare.

16.     Despite repeated demands for the sums due and owing under the Agreements, Defendants have failed and refused to pay for services provided by RehabCare. The outstanding balance is accruing interest pursuant to the terms of the Agreements.

17.     RehabCare conferred with Defendants numerous times regarding the outstanding invoices for services provided and amounts past due and made repeated demands for payment.

18.     During conferences between RehabCare and Defendants, Defendants represented to RehabCare that the outstanding invoices would be paid and requested that RehabCare continue to provide services.

19.     Despite RehabCare's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Defendants failed to pay for services provided by RehabCare.

20.     Defendant entered into the Agreements with RehabCare or induced RehabCare to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Agreement.

5

21.    Upon information and belief, Defendants have been reimbursed by Medicare for all or a significant portion of the services provided by RehabCare, and have directly or indirectly benefitted from such reimbursement.

## COUNT I – BREACH OF CONTRACT

22.    RehabCare incorporates by reference the allegations previously set forth above.

23.    The Agreements are valid and enforceable contracts.

24.    Without legal justification or excuse, Defendants materially breached the Agreements with RehabCare by failing to perform their obligations thereunder.

25.    As a direct and proximate result of the breach of the Agreements, RehabCare has suffered damages.

26.    Interest is accruing at 18% per annum on the unpaid balance of invoices, as per paragraph 4(c) of the Agreement.

27.    4(c) of the Agreement further provides that: "If RehabCare is required to collect any amounts past due through use of an attorney, then Facility shall be responsible for payment of all of RehabCare's legal fees and other costs of collection." RehabCare has incurred attorney fees and other costs in preparing and filing this action, all of which are the responsibility of Defendants. RehabCare is likely to incur substantial additional attorney fees as this case is litigated and prepared for trial, which also shall be the responsibility of Defendants.

## COUNT II – PROMISSORY ESTOPPEL

28.    In the alternative to Count I, RehabCare asserts this claim for Promissory Estoppel.

29.    Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

30.    Defendants made promises to RehabCare for the purpose of inducing it to continue providing services to Defendants.

31.    RehabCare reasonably relied upon such promises made by Defendants.

32.    Defendants' promises and RehabCare's reliance thereon resulted in detriment and damages to RehabCare and RehabCare is entitled to recover damages in an amount to be proven at trial.

**COUNT III – UNJUST ENRICHMENT**

33.    In the alternative to Counts I and II, RehabCare asserts this claim for Unjust Enrichment.

34.    Except to the extent inconsistent with the relief requested in this Count, RehabCare incorporates by reference each and every allegation set forth above.

35.    RehabCare has provided valuable services to Defendants for which it has not been paid.

36.    RehabCare's services were rendered under circumstances pursuant to which Defendants reasonably should have expected RehabCare would expect to be compensated.

37.    Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by RehabCare, and have wrongfully and intentionally withheld or will withhold such amounts from RehabCare.

38.    Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of RehabCare.

39.    Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to RehabCare if they have not timely paid

invoices as required by the Agreements. *See* Medicare Claims Processing Manual, Pub 100-04, Chapter 6, § 10.4.1; *see also* 42 U.S.C. § 1395cc(a)(1)(H)(ii), (g).

40.    For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by RehabCare, plus interest, costs, and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, RehabCare requests judgment against Defendants as follows:

A.    An award of damages in an amount to be proven at trial;

B.    RehabCare's costs, expenses, and attorneys' fees associated with prosecution of this action;

C.    The imposition of a constructive trust on sums received by Defendants as Medicare reimbursement for therapy and rehabilitation services provided by RehabCare and not paid for by Defendants;

D.    Pre-judgment and post-judgment interest; and

All other relief to which RehabCare may be entitled.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

June 29, 2017

Plaintiff,
REHABCARE GROUP EAST, INC.
d/b/a REHABCARE
By Its Attorney,


/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO No. 631922
Bulkley, Richardson and Gelinas, LLP
1500 Main St., Suite 2700
Springfield, MA 01115
Telephone: (413) 781-2820
Fax: (413) 272-6806
jpoindexter@bulkley.com


2458966v1